IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES WESTERBY, <br> (TDCJ-CID #579967) <br><br> Plaintiff, <br><br> vs. <br><br> GREG A. ABBOTT, <br><br> Defendant. | § § § § § § § § § § § § | <br><br><br><br><br><br> CIVIL ACTION H-13-1862 |

**MEMORANDUM ON DISMISSAL**

Charles Westerby, a Texas Department of Criminal Justice inmate, sued Greg A. Abbott, the Texas Attorney General, in June 2013, alleging that he was denied an adequate grievance process. Westerby has neither paid the $400.00 filing fee nor sought leave to proceed as a pauper. From his litigation history, the court presumes that he wants to proceed *in forma pauperis*. Because Westerby's claims are barred by the three-strikes provision of 28 U.S.C. § 1915(g), this case is dismissed.

Westerby appears to complain about the grievance system at the Jester IV Unit of TDCJ. He refers to incidents that took place at the Stiles Unit in Beaumont, Texas, and the Skyview Unit in Rusk, Texas. Westerby asserts that an unidentified sergeant threatened to assault him if he did not surrender his shorts. Westerby claims that a team of officers forcibly removed his shorts when they should have used a chemical agent. Westerby states that he has been transferred to different units, including psychiatric-treatment units, in the TDCJ. Westerby is housed at the Jester IV Unit, a psychiatric facility. Westerby states that he filed a life-endangerment claim at the Jester IV Unit on

June 4, 2013, but he has not received a response to his grievances. He has filed another lawsuit in the Eastern District of Texas, claiming that his life is in danger.

A prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Before filing this action, Westerby had at least two suits and one appeal dismissed as frivolous. *Westerby v. Farley,* 4:12-798 (S.D. Tex.) (dismissed as frivolous on April 23, 2012); *Westerby v. Abbott,* Appeal No. 08-4001 (5th Cir.) (dismissed as frivolous on November 18, 2008); and *Westerby v. Abbott,* 1:06-248 (E.D. Tex.) (dismissed as frivolous on December 7, 2007).

Westerby alleges that he is in imminent danger of serious physical injury, but he neither alleges specific facts nor presents any evidence. He alleges that he has filed a life-endangerment claim with prison officials, and that they have failed to respond. Such conclusory allegations provide no basis to overcome the three-strikes bar. There is no basis for an inference that Westerby was in imminent danger when he filed suit. *See Banos v. O'Guin,* 144 F.3d 883, 884-85 (5th Cir. 1998) (per curiam); *Choyce v. Dominguez,* 160 F.3d 1068, 1070 (5th Cir. 1998) (per curiam opinion following *Banos*); *Brinkmann v. Johnston,* 793 F.2d 111, 113 (5th Cir. 1986); *see also Baker v. Putnal,* 75 F.3d 190, 195 (5th Cir. 1996). Westerby is barred under 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* in this action.

Westerby's constructive motion to proceed as a pauper, (Docket Entry No. 1), is denied. His complaint is dismissed. 28 U.S.C. § 1915(g). All pending motions are denied. Westerby is warned that continued frivolous filings may result in the imposition of sanctions.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on July 2, 2013, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge